869 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David MILLS, Defendant-Appellant.
 No. 88-5866.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant, David Lee Mills ("Mills") appeals his jury conviction for the production, manufacture and possession with intent to distribute marijuana. Mills contends that the district court erred by denying his motion to suppress oral statements allegedly made after he was taken into custody, and that the district court should not have permitted the prosecutor's closing remarks on rebuttal regarding the credibility of prosecution witnesses. For the reasons stated below, we affirm.
 
 I.
 
 2
 On September 2, 1987, a federal grand jury returned a two count indictment against Mills. Count I charged Mills with the production, manufacture and possession with intent to distribute a non-narcotic Schedule I controlled substance in violation of 21 U.S.C. Sec. 841(a)(1). Count II of the indictment charged Mills with the unlawful use and possession of firearms during and in relationship to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1).
 
 
 3
 Mills pled not guilty. During his first trial, which ended in a mistrial, the district court heard and denied his motion to suppress. The motion was renewed at the second trial which also ended in a mistrial and renewed again prior to the third trial. The district court denied each motion to suppress. At the third trial, the jury returned a verdict of guilty on the first count and not guilty on the second count.
 
 II.
 
 4
 Four Kentucky State Police officers testified that on August 1, 1987, while searching for a marijuana field in Acorn Fork of Stinking Creek, outside of Knox County, Kentucky, they found a field of approximately 1600 marijuana plants. The officers testified that after hearing two or three male voices they found Mills and his nephew in a tent that was 40 yards away from the field. The officers observed a revolver, rifle and shotgun on a wooden box between the two individuals. Extra clothing, a cooler containing food and beverages and gardening tools were also found in the tent, and a dog was tied to a tree near the tent. The officers placed Mills and his 15-year-old nephew under arrest.
 
 
 5
 Mills testified on his own behalf that he and his nephew went to Acorn Fork to hunt ginseng root. Mills stated that they saw the marijuana plants and the dog while hunting for ginseng and, out of curiosity, decided to look around inside of the tent. According to Mills, they had just entered the tent when the officers spotted them sitting on the chairs and arrested them.
 
 III.
 
 6
 Mills argues that the trial court erred by failing to grant his motion to suppress the oral statements allegedly made while in custody. Mills claims that the incriminating statements were made prior to being advised of his constitutional rights. See, Miranda v. Arizona, 384 U.S. 436 (1966).
 
 
 7
 The Supreme Court has held that while the government bears the burden of proof in a motion to suppress statements allegedly obtained in violation of the Miranda doctrine, the trial judge may admit those statements if the government can establish voluntariness of the statements by the preponderance of the evidence. Colorado v. Connelly, 479 U.S. 157, 168-69 (1986). Lego v. Twomey, 404 U.S. 477, 482 (1972).
 
 
 8
 The trial court denied the motion to suppress after hearing the testimony of three Kentucky State Police officers and Mills. Two officers testified that Mills was advised of his constitutional rights, while the third testified that he was not aware of whether the other officers advised Mills of his rights because he was securing the area and not in a position to hear the communications between Mills and the other officers. Mills denied receiving Miranda warnings and denied making incriminating statements. In denying defendants motion to suppress, the trial court judged the credibility of the witnesses and made a finding of fact based on the preponderance of the evidence to resolve the conflicting testimony. As this court has previously held, "great deference is afforded the trier of fact because of its ability to observe the witnesses' demeanor. Resolution of testimonial conflicts and specific findings of fact by the trial court will not be disturbed on appeal unless it is clear from the record that an error has been committed." United States v. Brown, 557 F.2d 541, 547 (6th Cir.1977). Accordingly, the district court did not err by refusing to grant defendant's motion to suppress.
 
 IV.
 
 9
 Mills also claims that the district court erred by permitting the prosecutor to make the following statement in his closing rebuttal argument:
 
 
 10
 Fourthly, Mr. Crabtree makes all of this big issue about whether or not Mr. Mills was advised of his rights before he made all of these statements. Well, I can tell you this, ladies and gentlemen, if those statements were not proper statements, they would not have been allowed into evidence by the court. And the judge is like a referee in the basketball game, he decides what you can and what you can't do and he makes the rulings. So I would tell you that those statements, the testimony of those officers, are before you for your consideration. Now, if you don't believe the policemen, if you think Thomas McKnight lied or didn't tell you the truth or you think Officer Collins back there didn't tell the truth, if that's what you think you have a right to do that. But the statements are before you and they testified about them and you can consider them.
 
 
 11
 The defense counsel's objection to these remarks was overruled.
 
 The Supreme Court has held that:
 
 12
 a criminal conviction is not lightly overturned on the basis of a prosecutor's comments standing alone, for the statement or conduct must be viewed in context; only by so doing can it be determined whether the prosecutor's conduct affected the fairness of the trial. To help resolve this problem courts have invoked what is sometimes called the "invited reply" rule, which the Court treated in Lawn v. United States, 355 U.S. 339 (1958).
 
 
 13
 United States v. Young, 470 U.S. 1, 11 (1985). During closing argument defense council attacked the officers' credibility by suggesting that their statements were inconsistent. Because the prosecutor's rebuttal statements were "invited and did no more than respond substantially in order to 'right the scale,' such comments would not warrant reversing a conviction." Young, 470 U.S. at 13. Accordingly, the district court did not err by permitting the prosecutor's statements.
 
 
 14
 For all the foregoing reasons, we AFFIRM.